J. Arthur BROWN et al., Appellees,

v.

Davis LEE, by intervention, Appellant.

No. 9243.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 23, 1964.

Decided April 15, 1964.

Davis Lee, appellant, pro se.

Michael Meltsner, New York City (Jack Greenberg, New York City, Matthew J. Perry and Lincoln C. Jenkins, Jr., Columbia, S. C., on brief), for appellees.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

When a number of South Carolina Negroes brought a class action to enjoin racial segregation in the operation of the state parks, Davis Lee, a Negro who publishes a newspaper in Anderson, South Carolina, intervened and aligned himself with the defendants. He filed an answer to the complaint declaring that he was a member of the class for whom the plaintiffs professed to speak but that they did not represent his views. Lee opposed the grant of the relief sought by them. In addition, in his answer he sought leave to make the National Association for the Advancement of Colored People, South Carolina branches, additional parties-defendant and tendered what he called a counterclaim against them for $10,000,000 treble damages.* Lee had for a long time been in controversy with the N.A.A.C.P., but that organization was not one of the plaintiffs in the case.

This is Lee's appeal from the District Court's order, passed after a hearing of all the parties, including Lee. As to Lee's opposition to the granting of an injunction against racial segregation of the parks, the District Judge observed that the recent decision of the Supreme Court in Watson v. City of Memphis, 373 U.S. 526, 83 S.Ct. 1314, 10 L.Ed.2d 529 (1963), dictated the decision which must be reached in this instance and that, in light of this and other decisions of the Supreme Court, the continued practice by the state authorities of racial segregation in the public parks was "patently unconstitutional" and "violative of now long-declared and well-established rights." The court therefore held that the answer of the intervenor, Davis Lee, did not and could not affect the outcome of the case.

As to Lee's motion to bring in additional parties and to file a counterclaim against them and the original plaintiffs, the court held that this was an attempt "to create issues which are foreign to the present action and to gain jurisdiction of parties over which this Court does not now have jurisdiction." The court told Mr. Lee that he might pursue his alleged cause of action in a separate suit against any parties who may have committed unlawful acts against him, but that'his motion to bring in additional parties and to file a counterclaim against them in these proceedings must be denied.

We find no error in the District Court's action and, as we are in full accord with its discussion of the applicable law, Brown v. S. C. Forestry Comm., 226 F. Supp. 646, E.D.S.C., July 10, 1963, we deem it unnecessary to repeat or elaborate what has been so well said. We affirm upon the court's opinion, adopting it as our own.

The appellant did not seek leave to proceed in forma pauperis either in the trial court or here, but has appeared pro se on both occasions, as he has done

---

\* This claim was later reduced in an amended answer to $500,000 treble damages under the antitrust laws.

**144**

in litigation which received this court's attention earlier, Lee v. Hodges, 321 F. 2d 480 (4th Cir. 1963). He violated Rule 10 of this court, by failing to submit with his brief a proper appendix and to include parts of the record material to the questions presented, as well as the order appealed from and the court's opinion. This burden he cast upon the appellees. They have applied for the award of double costs, which we have in some cases the discretion to award. The entire costs must be borne by the unsuccessful appellant, but we will not in this instance assess double costs.

We take occasion to call the attention of the bar to Rule 10 and to urge strict compliance with its provisions. The order appealed from and the district court's opinion ordinarily provide the starting point for the appellate court's consideration of a case, and when they are omitted from the appendix the judges' work is needlessly increased. This is especially true in a court whose members reside in different states and the record in the clerk's office cannot be made available simultaneously to each of the judges.

Affirmed.